IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

**EMILY SPEIRS and M.S., a Minor,**  **PLAINTIFFS**
**by EMILY SPEIRS, her Mother and Next**
**Friend, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                                No. 8:21-cv-298

**MOUTH OF THE SOUTH; CBD, LLC,**  **DEFENDANTS**
**CUTCHALL MANAGEMENT COMPANY, INC.,**
**and RYAN D. ERNST**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Emily Speirs and M.S., a Minor, by Emily Speirs, her Mother and Next Friend (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Mouth of the South; CBD, LLC, Cutchall Management Company, Inc., and Ryan D. Ernst (collectively "Defendants"), they state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.   Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendants do business in this District and the acts complained of herein were committed and had their principal effect against Plaintiffs within this District. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Nebraska has personal jurisdiction over Defendants, and Defendants therefore "reside" in Nebraska.

6. The acts alleged in this Complaint had their principal effect within the Omaha Division of the District of Nebraska, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff Emily Speirs is an individual and resident of Sarpy County.

8. Plaintiff M.S. is an individual and resident of Sarpy County.

9. Plaintiff M.S. is a minor.

10. Emily Speirs is M.S.'s Mother and Next Friend.

11. Defendant Mouth of the South; CBD, LLC ("Mouth of the South"), is a domestic limited liability company.

12. Defendant Mouth of the South's registered agent for service of process is Ryan D. Ernst, 3422 Forest Lawn Avenue, Omaha, Nebraska 68112.

13. Defendant Cutchall Management Company, Inc. ("Cutchall Management"), is a domestic, for-profit corporation.

14. Defendant Cutchall Management's registered agent for service of process is Gregory S. Cutchall, 13305 Birch Drive, Suite 201, Omaha, Nebraska 68164.

15. Defendant Ryan D. Ernst ("Ernst") is an individual and resident of Nebraska.

16. Defendants maintain a website at https://www.motsomaha.com/.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. Upon information and belief, the revenue generated from Mouth of the South and Cutchall Management was merged and managed in a unified manner.

20. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

21. Alternatively, Defendants are a joint enterprise that share the responsibilities of the operation of Mouth of the South Southern Grub restaurant (the "Restaurant"), located at 16909 Lakeside Hills, Suite 118, Omaha, Nebraska 68130.

22. Ernst is a principal, director, officer and/or owner of Mouth of the South and Cutchall Management.

23. Ernst took an active role in operating the Restaurant and in the management thereof.

24. Ernst, in his role as an operating employer of the Restaurant, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

25. Ernst, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

26. Defendants acted as the employer of Plaintiffs and the proposed collective and are and have been engaged in interstate commerce as that term is defined under the FLSA.

27. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

28. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

29. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

30. Defendants employed Plaintiff Emily Speirs as a Server from October of 2017 until July 27, 2021.

31. Defendants also employed other Servers within the three years preceding the filing of this lawsuit.

32. Defendants employed Plaintiff M.S. as a non-tipped employee in positions such as seating hostess and table busser from February of 2021 until the present.

33. Plaintiffs regularly used the instrumentalities of interstate commerce, such as the internet, credit cards and phones, in carrying out their duties.

### A.    Performance of non-tipped work for more than 20% of the time

38. At all times material hereto, Plaintiff Emily Speirs and other Servers have been entitled to the rights, protection and benefits provided under the FLSA.

39. Defendants classified Plaintiff Emily Speirs and other Servers as hourly employees, nonexempt from the overtime requirements of the FLSA.

40. Defendants pay their Servers less than the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendants purport to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

41. Defendants do not inform their employees of the provisions of 29 U.S.C. § 203(m).

42. Upon information and belief, Plaintiff Emily Speirs and other Servers performed each duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as answering phones, cleaning the restrooms, rolling silverware and mopping and sweeping the restaurant ("non-tipped work").

43. Defendants paid Plaintiff Emily Speirs and other Servers around $2.13 per hour while they were performing tipped work and non-tipped work.

44. Upon information and belief, Defendants did not distinguish between time spent by Servers on tipped work and time spent by servers on non-tipped work.

45. Some of the non-tipped work, such as, without limitation, cleaning, is unrelated to the tipped work.

46. Non-tipped duties occupy more than twenty percent of Plaintiff Emily Speirs's and other Servers' time.

47. For example, Plaintiff Emily Speirs and other Servers were required to wait until all customers had left the building prior to beginning closing shift duties. In the meantime, Plaintiff Emily Speirs and other servers rolled silverware, folded take-out boxes, and performed inventory until they were able to begin cleaning tables, mopping, sweeping and cleaning the restrooms. Plaintiff Emily Speirs estimates that her non-tipped duties occupied approximately 33% of her and other Servers' time.

48. Defendants paid Plaintiff Emily Speirs and other Servers the same rate—below the applicable minimum wage—for both tipped work and non-tipped work.

49. As a result of the policies put in place by Defendants, Plaintiff Emily Speirs and other Servers were often required to perform non-tipped work for less than the minimum wage.

**B.    Illegal Tip Pool**

50. Plaintiff Emily Speirs other Servers were required to pay 3% of the sales they had made that day into the tip pool. For example, if the tables she waited ordered $100.00 worth of food, she would be required to pay $3.00 into the tip pool.

51. 29 C.F.R. § 531.35 states that "wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and

unconditionally or 'free and clear.' The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . for the employer's benefit the whole or part of the wage delivered to the employee."

52. Plaintiff Emily Speirs and other Servers regularly "kicked-back" to Defendants the amount of the tip pool that they were required to pay.

53. As Servers, Plaintiff Emily Speirs and others were required as a condition to their employment to pay into the tip pool to such a degree that their wages and their tips combined frequently did not amount to a lawful minimum wage.

54. Plaintiff Emily Speirs and other Servers were required to share their tips with Bartenders, Bussers, Dishwashers and Hosts.

55. Bussers, Dishwashers and Hosts do not customarily receive tips under 29 C.F.R. § 531.56.

56. Plaintiff Emily Speirs and other Servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

**C.    Off the Clock Work**

57. Plaintiffs and other hourly employees regularly worked hours for which they were not paid.

58. Specifically, the restaurant manager on duty (which was sometimes Ernst) regularly clocked Plaintiffs and other hourly employees out before completing their end-of-shift duties.

59. Plaintiffs and other hourly employees regularly worked around 15 minutes after being clocked out by Defendants' Restaurant manager.

60. Plaintiffs estimate that they and other hourly employees worked around one hour per week work which was not recorded or compensated.

61. Defendants knew or should have known that Plaintiffs and other hourly employees were working additional hours off-the-clock for which they were not compensated.

62. At all relevant times herein, Defendants have deprived Plaintiffs and other hourly employees of regular wages and overtime compensation for all of the hours worked over forty per week.

63. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS—SERVERS

64. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiff Emily Speirs brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as servers who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Minimum wage for all hours worked;

    B. Overtime premiums for all hours worked over forty hours in any week;

    C. Liquidated damages; and

    D. Attorney's fees and costs.

66. Plaintiff Emily Speirs proposes the following class under the FLSA:

**All servers who, in at least one week in which they worked over forty hours within the past three years, either a) performed non-tipped duties for more than 20% of their time; or b) were required to contribute to a tip pool.**

67. In conformity with the requirements of FLSA Section 16(b), Plaintiff Emily Speirs has filed or will soon file a written Consent to Join this lawsuit.

68. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

69. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

   B. They were required to perform non-tipped duties for more than 20% of their time;

   C. They were required to contribute a portion of their tips to a tip pool that was shared with non-tipped employees; and

   D. They were subject to Defendants' common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

70. Plaintiff Emily Speirs is unable to state the exact number of the collective but believes that the collective exceeds 20 persons.

71. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

72. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

73. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. REPRESENTATIVE ACTION ALLEGATIONS—HOURLY EMPLOYEES

74. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

75. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

76. Plaintiffs propose the following collective under the FLSA:

**All hourly employees who worked a closing shift in at least one week in which they worked over forty hours within the past three years.**

77. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

78. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

79. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.   They were paid hourly;

B.   They were subject to Defendant's common policy and practice of clocking them out before they had finished their work;

C.   They worked off-the-clock in at least one week in which they worked over forty hours per week; and

D.   They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

80.   Plaintiffs are unable to state the exact number of the class but believes that the class exceeds 50 persons.

81.   Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

82.   The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

83.   The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

### VII.   FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of the FLSA)**

84.   Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

85.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

86.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

87. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

88. Defendants classified Plaintiffs as nonexempt from the requirements of the FLSA.

89. Defendants failed to pay Plaintiffs the minimum wages required under the FLSA.

90. Defendants required Plaintiff Emily Speirs to pay into an illegal tip pool. The individuals receiving money from the tip pool included those in positions that are not normally tipped.

91. Defendants knew or should have known that their actions violated the FLSA.

92. Defendants' conduct and practices, as described above, were willful.

93. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial Complaint, plus periods of equitable tolling.

94. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid wages and tips described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

95. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claims for Violation of the FLSA)

96. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

97. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

98. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

99. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

100. Defendants classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

101. Defendants failed to pay Plaintiffs and similarly situated employees the minimum wages required under the FLSA.

102. Defendants knew or should have known that their actions violated the FLSA.

103. Defendants' conduct and practices, as described above, were willful.

104. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

105. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

106. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Emily Speirs and M.S., each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that each Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing each Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**EMILY SPEIRS and M.S., by and through her Mother and Next Friend, EMILY SPEIRS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com